UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
:
GABRIEL ACOSTA,                                              :          12-mc-793 (ARR)
:
              Plaintiff,                              :          NOT FOR ELECTRONIC
:          OR PRINT PUBLICATION
  -against-                                                 :
:          MEMORANDUM AND
UNITED STATES OF AMERICA,                       :          ORDER
:
              Defendant.                           :
:
---------------------------------------------------------------------- X

ROSS, United States District Judge:

        Gabriel Acosta ("Acosta") commenced this action on January 13, 2012, by filing a motion for return of property under Federal Rule of Criminal Procedure 41(g).[1] Because no criminal proceedings are pending against Acosta, the court construes the motion as a civil complaint. See Lavin v. United States, 299 F.3d 123, 126-27 (2d Cir. 2002); Mora v. United States, 955 F.2d 156, 158, 160 (2d Cir. 1992). In light of Acosta's status as a pro se litigant, the court liberally construes his pleadings and submissions to raise the strongest arguments they suggest. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007). Accordingly, the court construes Acosta's submissions as seeking: (1) money damages as compensation for the destruction of his Ford F-150 Crew Cab Pickup Truck; and (2) return of his Sony Desktop Computer, Cannon All-in-One Ink-Jet Printer/Scanner, and Motorola ("Razor") Cellular Phone.[2]

---

[1] Rule 41(g) provides:
    A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.
Fed. R. Crim. P. 41(g).

[2] Initially, Acosta also sought the return of his wallet. Dkt. #1, at 1. However, he subsequently requested that the court dismiss that portion of his claim. Dkt. # 10, at 4.

1

## I. BACKGROUND

Acosta was arrested at his home on January 16, 2007. Dkt. #1, at 2. During the arrest, DEA agents seized, among other items, plaintiff's computer, printer/scanner, cell phone, and truck. Id.; Dkt. # 9, at 8, 10. Acosta's truck was housed at a lot owned by the Nassau County Police Department ("NCPD") following the seizure. Id. at 10.

On January 25, 2008, the court conditionally accepted Acosta's guilty plea to (1) conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846, and (2) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. See Minute Entry for Guilty Plea, United States v. Mendez, No. 07-cr-00107 (E.D.N.Y. Feb, 15, 2007), Dkt. #270. On October 21, 2009, Acosta was sentenced to 240 months of imprisonment and five years of probation. See Judgment as to Gabriel Acosta, United States v. Mendez, No. 07-cr-00107 (E.D.N.Y. Oct. 23, 2009), Dkt. #667.

Subsequently, federal and state law enforcement authorities decided that they would not pursue forfeiture of Acosta's pickup truck. In a letter to plaintiff dated May 16, 2012, the NCPD stated that it was "prepared to release" his vehicle. Dkt. #5-1, at 1-2. The letter also contained the following warning: "if you do not respond to this letter or attempt the removal of your vehicle within 15 days from the date above, the County will dispose of it as abandoned property." Id. at 1. The NCPD sent the letter to Acosta's residence, which was located at the address where plaintiff's truck was registered. Dkt. # 9, at 10-11. After receiving no response to the letter, the NCPD disposed of Acosta's truck around October 14, 2012, by having it crushed for scrap. Id. at 11.

Although it disposed of Acosta's truck, Dkt. #9, at 11, 15, the government remains in possession of plaintiff's computer, printer/scanner, and Motorola cell phone, see Dkt. #9, at 5.

Defendant has submitted an affidavit from Francis G. O'Regan ("O'Regan"), a Special Agent with the United States Drug Enforcement Administration ("DEA"), id. at 2, stating that the latter three items "are needed as evidence for the criminal prosecution of co-defendant Nelson Diaz ("Diaz"), who dealt narcotics with Petitioner," id. at 5. According to O'Regan, "Diaz was indicted at the same time as [Acosta], but was a fugitive for six years before he was recently located and arrested by the United States Marshal's Service in March 2013. The case against Diaz is pre-trial and still pending before this Court . . . ." Id. at 6.

## II. DISCUSSION

The court construes Acosta's complaint as a civil action seeking (1) money damages for the destruction of his truck; and (2) return of his computer, printer/scanner, and Motorola cell phone.

**A.     Acosta's Ford Pickup Truck**

Acosta claims that he received constitutionally inadequate notice that his truck would be forfeited and destroyed. Dkt. #10, at 1-3. The court has jurisdiction to determine whether the government provided legally adequate notice of the forfeiture and destruction. See Weng v. United States, 137 F.3d 709, 713 (2d Cir. 1998), abrogated on other grounds by Dusenberry v. United States, 534 U.S. 161 (2002).

The standard for adequate notice under the Due Process Clause derives from Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950). See Dusenberry, 534 U.S. at 167. "[T]he Due Process Clause does not require . . . heroic efforts by the Government" to assure that an individual actually receives notice. Id. at 170. Rather, the Due Process Clause requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . [W]hen

notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt." Weng, 137 F.3d at 713 (alterations in original) (quoting Mullane, 339 U.S. at 314-15); see also Ford Motor Credit Co. v. N.Y.C. Police Dep't., 394 F. Supp. 2d 600, 614 (S.D.N.Y. 2005) ("'A state's ability to dispose of abandoned property does not enable its law enforcement officers to take a citizen's property and dispose of it as they see fit simply by labeling it 'abandoned.''") (quoting McKee v. Heggy, 703 F.2d 479, 482 (10th Cir. 1983)).

Courts have held that notice is not reasonably calculated to apprise a property owner of impending forfeiture if the government knew or should have known that the owner was not at the address to which notification was sent. See Dosunmu v. United States, 361 F. Supp. 2d 93, 98 (E.D.N.Y. 2005) (citing cases). Of particular relevance here, notice is inadequate when it is sent to an individual's home address when the government knew or should have known that the person was in government custody. See, e.g., Robinson v. Hanrahan, 409 U.S. 38, 40 (1972) ("[T]he State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to provide notice which was 'reasonably calculated' to apprise appellant of the pendency of the forfeiture proceedings."); Akeem v. United States, 854 F. Supp. 2d 289, 297 (E.D.N.Y. 2012) ("[T]he Court has serious concerns about the constitutional adequacy of CBP's decision to send notice of forfeiture to Nigeria while Akeem was in federal custody and his exact location was easily ascertainable."); Dosunmu, 361 F. Supp. 2d at 99; Cepulonis v. United States, 543 F. Supp. 451, 452-53 (E.D.N.Y. 1982); see also Torres v. $36,256.80 U.S. Currency, 25 F.3d 1154, 1161 (2d Cir. 1994) ("Rafael was residing at a place of the government's

choosing, not his own. . . . [W]here the mailed notice of forfeiture is returned undelivered, the intended recipient is known by the notifying agency to be in government custody, and the agency fails to take steps to locate him in order to effectuate delivery of the notice, we hold that such notice does not satisfy the requirements of [19 U.S.C. § 1607(a), which provides that '[w]ritten notice . . . shall be sent to each party who appears to have an interest in the seized article'].").

Here, Acosta has alleged that he was incarcerated at the time that the NCPD sent its May 16, 2012 letter to his home address. See Dkt. # 10, at 2-3. Plaintiff's allegations are adequate to support an inference that government officials knew or should have known that plaintiff would not receive the letter in time to claim his truck. As a result, Acosta has pled sufficient facts for this case to proceed to discovery with respect to his claim that the government provided him with constitutionally inadequate notice that his truck would be forfeited and destroyed.

The court notes, however, that the United States is not a proper defendant in this case. The waiver of sovereign immunity under the Federal Tort Claims Act does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs . . . or any other law enforcement officer." 28 U.S.C. § 2680(c). Although the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") creates an exception to § 2680(c)'s reinstatement of sovereign immunity, Acosta cannot avail himself of that exception because he fails to meet one or more of the corresponding statutory requirements. See Akeem, 854 F. Supp. 2d at 294-96. At a minimum, Acosta does not meet the requirement that "the interest of the claimant was not forfeited," id. at § 2680(c)(3), because his truck was forfeited. See id. at 295.

Moreover, plaintiff's truck "was housed at a lot owned by the NCPD," Dkt. # 9, at 10, after its seizure by the DEA; it was an NCPD official who signed the May 16, 2012 letter to plaintiff's home address, Dkt. #5-1, at 1; and the letter stated that "the County" would dispose of

5

Acosta's car if plaintiff failed to claim it within fifteen days, id. It thus appears to have been state officials who may have been responsible for allegedly depriving Acosta of his truck without adequate notice.

### B.      Acosta's Computer, Printer/Scanner, and Motorola Cell Phone

"Although a district court has general supervisory powers over federal law enforcement officials within the district pursuant to which it can order the return of property, it should generally decline to exercise these powers in a manner that could impede law enforcement officials in conducting their investigations." Podlog v. United States, No. S2 92 CR. 374 (JFK), 1996 WL 403029, at *1 (S.D.N.Y. July 18, 1996) (internal citation omitted). Thus a request for the return of property may be denied if "'the government's need for the property as evidence continues.'" Id. (quoting United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir. 1991)); see also Fed. R. Crim. P. 41 advisory committee's note ("If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.").

Here, the government has made a good-faith request to retain the computer, printer/scanner, and Motorola cell phone seized from Acosta's residence for use in the prosecution of Diaz, plaintiff's co-defendant. O'Regan has declared that Diaz is being prosecuted for dealing narcotics with Acosta and others. Dkt. # 9, at 5-6; see Superseding Indictment (S-5), United States v. Mendez, No. 07-cr-00107 (Mar. 7, 2013), Dkt. #820. Because the government has made a reasonable representation that these items may serve as evidence of the "extensive narcotics trafficking and money laundering criminal action" in which Diaz was allegedly involved—and for which Acosta was already convicted—plaintiff's request for the return of his computer, printer/scanner, and Motorola cell phone is denied. See Podlog, 1996

6

WL 403029, at *1-2 ("The Government has made a reasonable request to retain the property it retains from the seizure of Podlog's residence for use in the prosecution of United States v. Presaizen. Shae Presaizen is charged with participating in a heroin conspiracy with Podlog and others, and many of the items seized pertain to the alleged dealings between Podlog and Presaizen.").

### III.  CONCLUSION

Based on the foregoing, the court hereby dismisses Acosta's claim for the return of his computer, printer/scanner, and Motorola cell phone. The court also dismisses the United States as a defendant in this case.

However, the action shall proceed to discovery as to Acosta's § 1983 claim for damages arising from the destruction of his Ford pickup truck.[3] The Clerk of the Court is directed to assign a Magistrate Judge to this matter. Upon such assignment, the case shall be assigned to the Magistrate Judge to issue such orders as are necessary to ascertain the names of the state agents to be substituted as § 1983 defendants, to direct service as to those defendants, and to oversee all pre-trial matters.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:    June 5, 2013
          Brooklyn, New York

---

[3] As discussed, it appears that state actors may be responsible for the deprivations he alleges, and "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws,'" Torraco v. Port Auth., 615 F.3d 129, 136 (2d Cir. 2010) (quoting 42 U.S.C. § 1983). Accordingly, the court construes Acosta's Due Process claim as a § 1983 claim. However, if Acosta acquires evidence during discovery that federal officials were responsible for his injuries, then plaintiff can amend his complaint to include those individuals as defendants.

7